1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    HARVEY EUGENE LARSON,

11            Plaintiff,                    No. CIV S-06-0940 GEB GGH P

12        vs.

13    GOVERNOR ARNOLD
      SCHWARZENEGGER, et al.,
14
              Defendants.              FINDINGS AND RECOMMENDATIONS
15
      _____/
16
              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18    pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).  Because this court finds that this action should be summarily dismissed with

20    prejudice, the court will not assess a filing fee at this time.

21            The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26

                                              1

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff purports to sue Governor Schwarzenegger, Warden Runnels, and Assemblyman Timbeslie [sic], apparently on the ground that he is being denied his alleged due process right, under the Fourteenth Amendment, to be allowed to smoke tobacco in prison. He alleges that there is to be a future ban on tobacco. On the other hand, he also complains that he sees other prisoners buying tobacco in the canteen but that, for some reason, he is compelled to pick up butts that he finds in order to smoke. Plaintiff extolls the "therapeutic" aspects of tobacco in reducing his stress. He complains that he has suffered from withdrawal and apparently seeks to have the prison supply inmates with a "limited" amount of tobacco at no charge.

2

1    Plaintiff's allegations are not colorable.  The actions of prison officials in banning

2    tobacco cannot possibly be an Eighth Amendment or Fourteenth Amendment violation.  Indeed,

3    if there is any constitutional right implicated in the tobacco-smoking in prison context, it would

4    appear to be the right of inmates to be free of the deleterious impact of environmental tobacco

5    (ETS) smoke on their health.  Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481

6    (1993) (inmate plaintiff states a cause of action under the Eighth Amendment by alleging

7    defendant prison officials have, with deliberate indifference, exposed him to ETS levels that pose

8    an unreasonable risk of serious damage to his future health).

9    In addition, plaintiff has apparently brought two other actions related to this same

10   subject which have been previously dismissed.  The first case, Larson v. Schwarzenegger, CIV S

11   05-0007 GEB PAN P was dismissed for plaintiff's failure to file an amended complaint, having

12   failed initially to set forth colorable claims.  The second case, Larson v. Schwarzenegger, CIV S

13   05-0364 MCE PAN P, was dismissed as duplicative.

14   Because this court finds that this case should be summarily dismissed with

15   prejudice, the court will not assess a filing fee.  The court will recommend dismissal because the

16   undersigned finds that the defects of this complaint cannot be cured.  "A pro se litigant must be

17   given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the

18   complaint could not be cured by amendment.'"  Karim-Panahi v. Los Angeles Police Dept., 839

19   F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting

20   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord

21   Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).  Moreover, this action is duplicative

22   and its filing constitutes an abuse of process.

23   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

24   with prejudice.

25   These findings and recommendations are submitted to the United States District

26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3

1  days after being served with these findings and recommendations, plaintiff may file written

2  objections with the court.  Such a document should be captioned "Objections to Magistrate

3  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

4  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

5  Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  10/31/06

                                          /s/ Gregory G. Hollows

                                          _____
                                          GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

GGH:009
lars0940.dsm

4